In the Matter of FAITH GOLDHIRSCH et al., in Behalf of Themselves and All Others Similarly Situated, Respondents, v. MARY G. KRONE, as President of the Civil Service Commission, et al., Appellants.

In the Matter of WILLIAM KELLY et al., in Behalf of Themselves and All Others Similarly Situated, Respondents, v. MARY G. KRONE, as President of the Civil Service Commission, et al., Appellants.

Third Department, July 26, 1965.

*Louis J. Lefkowitz, Attorney-General* (*Paxton Blair, Ruth V. Iles* and *William C. Robbins* of counsel), for appellants.

*Louis E. Yavner* for Faith Goldhirsch and others, respondents.

*De Graff, Foy, Conway & Holt-Harris* (*Harry W. Albright, Jr.* and *Margrethe R. Towers* of counsel), for William Kelly and others, respondents.

AULISI, J. The respondents, in a proceeding under article 78 of the CPLR, appeal from judgments of the Supreme Court at Special Term, County of Albany, holding that the petitioners, who are in the competitive civil service with the titles of Employment Interviewers and Senior Employment Interviewers, may not be compelled to take promotion examinations to establish their right to appointment to the newly titled positions of Employment Counsellors and Senior Employment Counsellors, but that appellants should do whatever is necessary to reclassify these petitioners to the new title.

The question is whether the positions of Interviewer and Counsellor " are so substantially similar in the essential character and scope of their duties and responsibilities and in the qualification requirements thereof that the same descriptive title may be used to designate them " (Civil Service Law, § 118, subd. 2, par. [a]).

The record indicates that the duties of an employment counsellor and an employment interviewer are substantially the same and thus Special Term was warranted in finding " that at the time the petitioners were qualified by competitive examination, that counseling duties were part of the measure of their abilities to perform the duties of the position of Employment Interviewer and Senior Employment Interviewer. The creation of a new title appears to be merely an interchanging use of the words ' counseling ' and ' interviewer ', depending upon departmental requirements and requirements of reclassifications of the Civil Service Department and, in the present instance, requirements as set forth and suggested by the Federal agency administering the Anti-Poverty Law."

The appellants have ample authority to reclassify petitioners without an examination since the position of Counsellor does not present a promotion but a mere title structure change (Civil Service Law, § 118; § 132, subd. 5; *Matter of O'Gorman* v. *Schecter,* 5 A D 2d 212).

Both the Goldhirsch petitioners and the Kelly petitioners are to be treated alike on this appeal because the record indicates that they all took the same qualifying examination and they all presumably performed in-title work (Civil Service Law, § 61, subd. 2; see *Matter of Niebling* v. *Wagner,* 12 N Y 2d 314).

The judgments should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and HAMM, JJ., concur.

Judgments affirmed, with one bill of costs to respondents filing briefs.